**UNITED STATES of America**
**v.**
**David JOHNSON, Defendant.**
**Cr. No. 44442.**

United States District Court
E. D. New York.
Feb. 1, 1957.

David Johnson, pro se.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by Frances T. Wolff, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for U. S.

RAYFIEL, District Judge.

On April 24, 1956, David Johnson was indicted for forging and uttering two postal money orders. He was arraigned on April 27, on which date the Court entered a plea of "not guilty" in his behalf and adjourned the case to May 4. He returned to Court on that date with Norman Johnson, Esq., his counsel, with whom he conferred and, after having been informed by the Court as to his legal rights, withdrew his plea of "not guilty" and entered a plea of "guilty" to Count 4 of the indictment, which charged him with presenting a forged postal money order to an employee of the United States Post Office Department, knowing that a material signature and endorsement thereon was forged, in violation of Section 500 of Title 18 U.S. Code. On May 24 a sentence of imprisonment for three years was imposed upon him.

Thereafter he filed an "Affidavit in Forma Pauperis * * *" in support of his application for an order directing that he be furnished with copies of Court records relating to his case to aid him in the preparation of a motion under Section 2255 of Title 28 U.S. Code to vacate and set aside the aforementioned sentence on the ground that it was imposed in violation of the Constitution and the laws of the United States. On August 9 I denied the application in a memorandum in which I stated that I would consider the entire record in the case if a motion should be made under Section 2255, supra.

The defendant then filed what purported to be an appeal from my said decision of August 9, basing it on papers substantially similar to those accompanying the original application, and on October 1 the Court of Appeals made its order denying the defendant's motion.

In order to relieve the defendant of the burden of preparing the papers required for a motion under Section 2255, supra, I agreed to consider his aforementioned application as one made under that section, and on October 24 filed my decision, and on October 25 my order denying the same.

The defendant now files a notice of appeal from that order, in which he states that "submitted herewith and by reference incorporated herein are the following (1) Motion and Supporting Affidavit of Poverty To Prosecute Appeal in Forma Pauperis (2) Motion and Supporting Affidavit to Vacate Sentence pursuant to Section 2255, Title 28, U.S.C.A." Since I have considered the previous motion as having been made under Section 2255, supra, the instant application will be deemed made under Section 1915 of Title 28, U.S.Code, for leave to appeal in forma pauperis from my order of October 25, denying the defendant's motion to vacate and set aside the sentence imposed upon him.

I have carefully read the lengthy affidavit submitted by the defendant, as well as the following:

(a) The record of the proceeding before the United States Commissioner, wherein the defendant waived examination.

**6**

(b) The Clerk's record of the proceedings had in connection with the defendant's arraignment, his plea of "not guilty", his withdrawal thereof, his plea of "guilty" to Count 4 of the indictment, and the imposition of sentence.

(c) The court-reporter's transcripts of the proceedings relating to the defendant's plea of "guilty" and the imposition of sentence upon him.

So far as it relates to the matters which are contained in the official records, or which occurred in the presence and hearing of the Court, the defendant's supporting affidavit is wholly untrue. The constitutional and legal rights of the defendant were secured and protected throughout the proceedings herein.

It is my belief, and I accordingly certify that the appeal herein is frivolous, and entirely without merit, and not taken in good faith.

Accordingly, the defendant's motion for leave to appeal in forma pauperis from the aforementioned order of October 25 is denied.